Case 4:22-cv-04148   Document 4   Filed on 04/03/23 in TXSD   Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
April 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL LANE LYNCH, | § | |
|    *Petitioner,* | § | |
| | § | |
| v. | § | Criminal Action No. 4:20-CR-0223 |
| | § | Civil Action No. 4:22-CV-4148 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|    *Respondent.* | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Daniel Lane Lynch, a federal inmate who is proceeding pro se, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] ECF 62. As ordered by the Court, the Government has filed a response in the form of a Motion for Summary Judgment.[2] ECF 71. Having reviewed the parties' submissions and the law, the Court recommends that the Government's motion be GRANTED and Lynch's Petition pursuant to § 2255 be DENIED with prejudice.

I.    **Background**

On May 27, 2020, a grand jury in the Southern District of Texas indicted Lynch, a former officer with the Harris County Precinct 4 Constable and

---

[1] The District Judge referred Lynch's § 2255 motion to the Magistrate Judge on December 15, 2022.
[2] The Order to Respond informed Lynch that he could file a response within 30 days of the Government's filing. ECF 64. The Government served the Motion for Summary on Lynch at his last known address. ECF 71 at 32. Lynch did not file a response.

Montgomery County Precinct Three Constable, on three counts of distribution, receipt, and possession of child pornography in violation of 18 U.S.C. § 2252A. ECF 12. Pursuant to a September 1, 2021 signed plea agreement, Lynch pleaded guilty to receipt and possession of child pornography. ECF 35, 56. On November 23, 2021, the Court sentenced Lynch to 151 months of incarceration for receipt and 120 months of incarceration for possession of child pornography, to be followed by 10-years concurrent supervised release. ECF 56. The Court dismissed the distribution count on the Government's motion. *Id.* Judgment was entered on December 3, 2021. *Id.* As part of the plea agreement, Lynch waived his right to appeal or collaterally attack his conviction and sentence for any reason other than ineffective assistance of counsel. ECF 35 at 4. Lynch's judgment and sentence became final on December 17, 2021. FED. R. APP. P. 4(b)(1)(A)(i) (a defendant in a criminal case must file a notice of appeal within 14 days of entry of judgment).

Lynch timely filed his § 2255 Petition on November 28, 2022, within one year of his sentence becoming final. Lynch asserts that the evidence against him was obtained in violation of his Fourth Amendment rights, and that his counsel was ineffective by not advising him of grounds for a Fourth Amendment challenge before he decided to accept a plea agreement. *See* ECF 62 at 13-15. The Government moves for summary judgment, arguing that: Lynch waived his Fourth Amendment

2

claims; Fourth Amendment claims are not cognizable in a § 2255 action; and his ineffective assistance of counsel claim is without merit. ECF 71.

## II. Summary Judgment Standards

The Government's summary judgment motion is governed by Federal Rule of Civil Procedure 56. *United States v. Zuniga*, No. CIV.A. H-14-0456, 2014 WL 6982290, at *5 (S.D. Tex. Dec. 8, 2014) (noting that under Rule 12 of the Rules governing § 2255 motions, Rule 56 of the Federal Rules of Civil Procedure is generally applicable to such motions). Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477

U.S. 317, 324 (1986).

### III. Relief under Section 2255

"Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000)). Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to § 2255: (1) the sentence was imposed in violation of the Constitution or law of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The scope of collateral challenges under § 2255 is extremely limited. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). If the error complained of is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *Id*. Section 2255 is not meant to serve as a vehicle for appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982).

The pleadings of a pro se prisoner are reviewed under a less stringent standard than those drafted by an attorney and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a pro se litigant is still required to

provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (citation omitted).  A § 2255 motion may be resolved without an evidentiary hearing where the files, the motion, and the record of the case conclusively show that no relief is appropriate.  *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983).  A petitioner is entitled to an evidentiary hearing only if the existing record proves the likely merit of a petitioner's specific allegations.  *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998).

IV. Analysis

    **A. Lynch waived his Fourth Amendment claims and they are not cognizable under § 2255.**

Fourth Amendment claims are not cognizable in § 2255 proceedings because they can be brought at the trial court level.  *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003) (declining to reach the merits of a Fourth Amendment issue on collateral review under § 2255 because the claim was barred by the holding in *Stone v. Powell*, 428 U.S. 465 (1976)).  In *Stone*, the Supreme Court held that where the "State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," a state prisoner cannot be granted habeas relief based on an unconstitutional search or seizure.  428 U.S. at 494.  The Fifth Circuit recognized in *Ishmael* that the holding in *Stone* also applies to bar a Fourth Amendment claim under § 2255 by a defendant who had the opportunity for full and fair litigation of the Fourth

5

Amendment claim in a federal court. *Ishmael*, 343 F.3d at 742. The Fifth Circuit has "interpreted an 'opportunity for full and fair litigation' to mean just that: 'an opportunity.'" *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (quoting *Carver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)). Regardless of whether Lynch actually litigated his Fourth Amendment claims in the federal trial court, he had the *opportunity* to do so.

Additionally, by entering into an unconditional, voluntary guilty plea, Lynch waived the right to raise a Fourth Amendment challenge. *United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002) (stating a guilty plea waives all objections that a search and seizure violates the Fourth Amendment). An express waiver of the right to appeal or to file a collateral attack contained in a plea agreement is enforceable. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2012). A federal court will uphold a knowing, voluntary, and intelligent guilty plea. The critical issue is whether the defendant understood the nature and substance of the charges and the consequences of his plea, not necessarily the "technical legal effect." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

A petitioner's attestation of voluntariness at the time of the plea does not operate as an absolute bar to relief but imposes a heavy burden on him to show that his plea was "the product of . . . misunderstanding, duress, or misrepresentation by others". *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979) (quoting

6

*Blackledge v. Allison*, 431 U.S. 63, 75 (1977). Lynch does not claim misunderstanding, duress, or misrepresentation and the record demonstrates that he entered his guilty plea knowingly, freely, and voluntarily. Nothing in the record indicates that he lacked an understanding of the charges, the plea agreement, or the consequences of the plea. *See* ECF 69 at 1-37. In fact, Lynch was specifically informed that he was giving up the right to complain about any search or seizure as part of his guilty plea and, while under oath, clearly expressed his understanding. ECF 69 at 10-11. A defendant cannot contradict his sworn statements in court by conclusory statements in a § 2255 motion. *United States v. Sanderson*, 595 F.2d 1021 (5th Cir. 1979).

Because Lynch's Fourth Amendment claims are both waived and barred from collateral review pursuant to the holdings in *Stone v. Powell* and *United States v. Ishmael*, Lynch cannot succeed on his Motion to vacate based on a Fourth Amendment violation. Thus, the United States is entitled to summary judgment on Lynch's Motion with respect to his claim that his Fourth Amendment rights were violated.

**B. Lynch cannot demonstrate ineffective assistance of counsel.**

Lynch makes the following claim of ineffective assistance of counsel:

> My attorney in this case did not make reasonable assistance to provide all options to make a sound judgment to take this case to trail [sic] or except [sic] a plea deal. Attorney performance [sic] was deficient and that deficiency prejudiced. Had I been made aware of the

7

> *Wilson* case prior to accepting any plea deal I would have moved my attorney to file a motion to dismiss or suppress evidence to challenge the probable cause affidavit used to secure the search warrants. Since my attorney did not do his due diligence, I was given no other choice but to accept a plea deal.

ECF 62 at 15 (italics added). The "*Wilson* case" refers to *United States v. Wilson*, 13 F.4th 961 (9th Cir. 2021) and Lynch alleges *Wilson* establishes the following violation of his Fourth Amendment rights, which went unchallenged by his trial counsel:

> It is to my understanding that the agent violated my fourth Amendment rights when he examined my email attachments without a warrant as he saw more from his search than the private party had seen and thus exceeded the scope of the private search. I bring this forward due to the case of the *United States v. Wilson*, 13 F.4th 961 from the United States Court of Appeals for the 9th Circuit.
> In Wilson's case, his sentence [was] vacated and judgment reversed after it was found that the agent in his case saw more from his search of Wilson[']s email attachments that were reported through a cybertip from The National Center for Missing and Exploited Children who had received the tip from Google. . . .
> It is to my understanding that in my case Yahoo using their technology flagged email attachments that were sent to The National Center for Missing and Exploited Children who then reported the cybertip to Homeland Security where agent N. Curry opened the cybertip to review the email attachments without first obtaining a warrant to review the cybertip thus exceeding the scope of the private party search as it is to my understanding that no one at Yahoo or the NCMEC had viewed my email attachments making anything found inadmissible as evidence as the warrants used to search my person and residence were obtained through a violation of the [F]ourth [A]mendment.

ECF 62 at 13-14.  Thus, Lynch argues his counsel was ineffective for not uncovering the *Wilson* case and bringing it to Lynch's attention for his consideration when he was deciding whether to accept a plea agreement.

### 1. Standard for demonstrating ineffective assistance of Lynch's counsel.

Lynch's claim that his Fourth Amendment rights were violated by the government's review of the attachments to the CyberTip Report forms the basis of his claim that his counsel was incompetent for failing to inform him of the holding in *Wilson*.  While his Fourth Amendment claims cannot be addressed under § 2255, his Sixth Amendment claim of ineffective assistance of counsel can be raised on collateral review under § 2255.  *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986) (explaining that federal courts may grant habeas relief based on "Sixth Amendment ineffective-assistance-of-counsel claims which are founded primarily on incompetent representation with respect to a Fourth Amendment issue").

Although a "meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment claim like [Lynch's] a good Fourth Amendment claim alone will not earn a prisoner federal habeas relief." *Id*. at 382.  Lynch's claim that his counsel was ineffective is governed by the familiar test set forth in *Strickland v. Washington*, 466 U.S. 668 687 (1984), which requires the movant to show both that counsel's performance was deficient (performance prong) and that the movant suffered prejudice (prejudice prong).  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  In

9

the context of this case, Lynch must show that: (1) a suppression motion would have been meritorious (existence of a meritorious Fourth Amendment claim); (2) the failure to pursue a motion to exclude was objectively unreasonable (*Strickland's* performance prong); and (3) absent counsel's deficient performance Lynch would have insisted on trying his case rather than accepting a plea agreement (*Strickland's* prejudice prong). *See United States v. Ratliff*, 719 F.3d 422, 423 (5th Cir. 2013) (holding that to prove ineffective assistance of counsel based on failure to file a motion to suppress, the movant "was required to show that (1) a suppression motion would have been meritorious, (2) her counsel's failure to file one was objectively unreasonable (the 'performance' prong), and (3) but for her counsel's deficient performance in that regard, she would not have pleaded guilty (the 'prejudice' prong)"). The Court evaluates whether a defendant would have chosen to go to trial objectively, without regard to the "idiosyncrasies" of the defendant. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (citing *Hill*, 474 U.S. at 60). The Court's scrutiny of counsel's performance is highly deferential. *Premo v. Moore*, 562 U.S. 115, 121-122 (2011); *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

**2. Lynch cannot meet his burdens to show a meritorious Fourth Amendment Claim.**

With respect to Lynch's argument that *Wilson* demonstrates a meritorious claim of a Fourth Amendment violation and provides a basis to suppress the images and videos extracted from his cell phone, the record and Fifth Circuit case law

10

demonstrate that any suppression motion filed by Lynch's counsel would not have been meritorious. To begin with, Lynch's counsel was presented with a different scenario than that in *Wilson*. In *Wilson*, no one from Google had reviewed any of the attachments that had been identified as matching hash values of known child pornography. 13 F.4th at 965. In Lynch's case, Yahoo sent at least two CyberTip Reports containing 79 images of suspected child pornography that already had been reviewed by a Yahoo employee. ECF 1 at 3-4 (Affidavit of Agent Curry in support of Criminal Complaint by which Lynch was originally charged stating that "In CT number 62503845, . . . Yahoo identified that the account had transmitted via email approximately twenty-one (21) visual files depicting suspected child exploitation material. The entire contents of those files were reviewed by Yahoo personnel, and were then included with the CT that was ultimately referred to me. . . .. In CT number 62504031, . . . Yahoo identified that the account had transmitted via email approximately fifty-eight (58) visual files of suspected child exploitation material. The entire contents of those files were reviewed by Yahoo personnel, and were then included with the CT that was ultimately referred to me."). Thus, the fact that the record demonstrates that Yahoo employees reviewed certain images prior to sending the CyberTip to NCMEC makes the holding in *Wilson* inapplicable to Lynch's case.

  Further, even if no private search of any of Lynch's email attachments had been conducted by Yahoo personnel before the CybertTip and attachments were sent

11

to law enforcement, a motion to suppress the evidence extracted from Lynch's cell phone likely would have been denied under controlling Fifth Circuit precedent. In *United States v. Reddick*, 900 F.3d 636 (5th Cir. 2018), the Fifth Circuit considered and rejected the very Fourth Amendment claim Lynch asserts here. The Fifth Circuit held in *Reddick* that once computer files are identified by a private party as containing child pornography based on a hash value and passed on to law enforcement, the individual's expectation of privacy in those computer files has already been thwarted by a private party. *Id*. at 639-40. According to the Fifth Circuit's opinion in *Reddick*, "[o]nce frustration of the original expectation of privacy occurs, the Fourth Amendment does not prohibit governmental use of the now-nonprivate information." *Id*. at 639. Thus, Fifth Circuit precedent demonstrates that Lynch would not have prevailed had his counsel filed a motion to suppress the evidence obtained pursuant to federal search warrants based on an argument that the probable cause for those federal warrants was obtained in violation of his Fourth Amendment rights by the government's review of email attachments that had not been reviewed by a private party.

Moreover, Lynch cannot show that a motion to suppress the evidence extracted from his cell phone would have been meritorious because the good faith exception to the exclusionary rule applies. The good faith exception, established in *United States v. Leon*, provides that evidence is admissible when it is obtained by

12

law enforcement officials acting in objectively reasonable good faith reliance upon a search warrant, even if the affidavit on which the warrant was based was insufficient to establish probable cause. *Leon*, 468 U.S. 897, 922–23 (1984). In ruling on the motion to suppress in *Reddick*, the district court assumed that the Phase I search (the agent's review of files received from NCMEC) violated Reddick's constitutional expectation of privacy and exceeded the scope of the hash value search. *United States v. Reddick*, No. 2:16-CR-928, 2017 WL 1353803, at *6 (S.D. Tex. Apr. 13, 2017), *aff'd*, 900 F.3d 636 (5th Cir. 2018). Regardless, based on the good faith exception to the exclusionary rule, the district court denied *Reddick's* motion to suppress the Phase II evidence (images discovered as a result of the federal search warrants obtained after review of the CyberTip reports from NCMEC). *Id*. In Lynch's case, the "Phase II" federal search warrant obtained for his phone yielded 622 images and 54 videos of child pornography. ECF 35 at 11 (statement of facts in Plea Agreement). Those images and videos are subject to the good faith exception to the exclusionary rule because nothing in the record indicates that Agent Curry made false statements to secure the warrant or that the Magistrate Judge "wholly abandoned his judicial role" in issuing the warrant. *Leon*, 468 U.S. at 923. *Wilson* does not prevent application of the good faith exception in Lynch's case. In *Wilson* the government failed to argue the good faith exception and waived any challenge

13

to the district court's finding that nothing prevented the exclusion of all evidence of child pornography. *Wilson*, 13 F.4th at 980 n.14.

Furthermore, many courts have held that a hash value match from a reliable source can constitute probable cause for a search warrant. *See United States v. Reddick*, No. 2:16-CR-928, 2017 WL 1353803, at *7 (S.D. Tex. Apr. 13, 2017) (stating "[i]ndeed, the NCMEC match and file names, without viewing the images, might establish sufficient probable cause to support the validity of the warrant"), *aff'd*, 900 F.3d 636 (5th Cir. 2018); *United States v. Dodson*, 960 F. Supp. 2d 689, 696 (W.D. Tex. 2013) (noting some circuits have noted that hash value algorithms to detect child pornography are reliable and citing cases from 1st, 4th and 8th Circuits); *United States v. Murphree*, No. 3:18CR140-GHD-RP, 2020 WL 265279, at *4 (N.D. Miss. Jan. 16, 2020) (collecting cases).

Thus, Lynch cannot meet his burden to show that a motion to suppress the evidence extracted from his phone would have been meritorious. Both the record and established precedent set forth in *Reddick* and *Leon* demonstrate that a motion to exclude the evidence most likely would have been denied.

3. **Lynch cannot meet his burden to show deficient performance by his counsel.**

To begin with, Lynch's counsel could not have been deficient in failing to discover and advise Lynch regarding the *Wilson* opinion prior to his decision to plead guilty. The Ninth Circuit did not issue *Wilson* until September 21, 2021, and

14

Lynch signed his plea agreement on September 1, 2021. ECF 35 at 16. As set forth above, even if *Wilson* had been decided and available to Lynch's counsel prior to Lynch's signing of the plea agreement, any motion to suppress the 622 images and 54 videos of child pornography extracted from Lynch's phone pursuant to a search warrant that relied on information obtained from the government's review of a CyberTip Report would have been rejected pursuant to *Reddick* and the good faith exception. "Counsel cannot be deficient for failing to press a frivolous point." *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions."). Lynch's counsel was neither deficient in failing to inform him of the Ninth Circuit's *Wilson* opinion nor in failing to file a futile motion to suppress.

### 4. Lynch cannot meet his burden to show prejudice.

Moreover, Lynch does not allege that had he been advised about the decision in *Wilson,* he would have insisted on going to trial. He alleges only that counsel prevented him from having all the research necessary to make his decision or to file a motion to suppress evidence. ECF 62 at 5, 15. To obtain relief under § 2255 for a sentence imposed after a guilty plea on the basis of ineffective assistance of counsel, Lynch must allege and show that absent his counsel's alleged ineffectiveness, Lynch would have insisted on taking his case to trial. *Ratliff*, 719 F.3d at 423. Lynch's agreement to plead guilty and acceptance of responsibility for

15

the receipt and possession of child pornography resulted in the dismissal of the distribution count of the indictment and significantly reduced his sentencing guideline range. ECF 35; ECF 56; ECF 68 at 22 (noting at sentencing that Lynch would have faced a significantly higher guideline range of 210-262 months without the benefits from acceptance of responsibility). Using an objective standard, no defendant would sacrifice the reduction in sentencing range in order to pursue a meritless suppression motion. Therefore, Lynch also fails to meet the prejudice prong of *Strickland*.

V.   **Conclusion and Recommendation**

For the reasons discussed above, the Court RECOMMENDS that the Government's Motion for Summary Judgment (ECF 71) be GRANTED and Lynch's § 2255 Petition (ECF 62) be DENIED with prejudice. In addition, the Court RECOMMENDS that a certificate of appealability be DENIED because reasonable jurists would not find denial of Lynch's § 2255 motion debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking

the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 03, 2023, at Houston, Texas.

                                              Christina A. Bryan
                                       United States Magistrate Judge